# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES F. SCOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-00348 |
| | ) | |
| TIMOTHY S. DURHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion to strike (Docket # 168) filed by Defendant Auburn Automotive Heritage, Inc. (the "Museum"), on November 15, 2010, pursuant to Federal Rule of Civil Procedure 12(f), requesting that the Court strike certain portions of an errata sheet submitted by Plaintiff Donald Lyons ("Lyons") with respect to his deposition testimony.[1] Lyons filed a response to the motion on November 29, 2010 (Docket # 171); the Museum, however, failed to file a reply, and the time to do so has since passed.

For the following reasons, the Museum's motion to strike will be DENIED.

### *A. Background*

Plaintiff James Scott sued the Museum and various other parties after his purchase of a vintage automobile at the Museum's auction, alleging that the auction was rigged and resulted in

---

[1] As a technical matter, Rule 12(f) motions are generally limited to striking, as the Rule provides, "redundant, immaterial, impertinent, or scandalous matter[s]" from pleadings. Accordingly, while a motion to strike is a proper vehicle for challenging various changes in a deposition errata sheet, *see, e.g.*, *Paul Harris Stores, Inc. v. PricewaterhouseCoopers, LLP*, No. 1:02-cv-1014-LJM-VSS, 2006 WL 2644935, at *6 (S.D. Ind. Sept. 14, 2004), the standard under Rule 12(f) does not apply.

his paying an artificially-inflated purchase price.² (Docket # 1.) Scott later assigned to Lyons and Lyons's wife his claims against Defendants, subject to certain rights reserved by Scott. (Second Am. Compl. ¶ 48.)

In early August 2010, the Museum deposed Lyons over the course of two days. (Museum's Br. in Supp. 1.) The next month, Lyons submitted an errata sheet concerning his deposition testimony, making eight changes to his testimony. (Museum's Br. in Supp. 3, Ex. A.) The Museum seeks to strike two of these eight changes, both instances in which Lyons alleges that he "misspoke". (Museum's Br. in Supp. 4, Ex. A.)

### B. *Applicable Legal Standard*

Federal Rule of Civil Procedure 30(e) permits a party to submit an errata sheet making "changes in form or substance" to a deposition transcript. The rule thus "permits a party to change a deposition from what he or she said to what he or she meant, although the rule requires that the original transcript be retained so that the trier of fact can evaluate the honesty of the alteration." *Paul Harris Stores*, 2006 WL 2644935, at *2 (citing *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)). A "change of substance which actually contradicts the transcript[, however,] is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'" *Thorn*, 207 F.3d at 389; *see also Paul Harris Stores*, 2006 WL 2644935, at *3 ("A deposition is not a take home examination."); *Eckert v. Kemper Fin. Servs., Inc.*, No. 95 C 6831, 1998 WL 699656, at *5 (N.D. Ill. Sept. 30, 1998) ("Congress did not . . . write Rule 30(e) so plaintiffs could create sham issues of fact to defeat summary judgments.").

---

² The Court assumes that the reader is familiar with the underlying facts of the case.

## C. Analysis

With respect to the first disputed change in his errata sheet, Lyons originally testified as follows:

> Q   What do you remember?
>
> A   Mark [Hyman] said something to the effect that, "We can stop bidding now. And if we do, then - - and we can conclude our arrangement with Tim Durham, then I will split the difference of the funds with you and forego my commission."

(Lyons Dep. 111.) Lyons now wants to eliminate the first "then" in his response, explaining that he "misspoke". His edited answer reads as follows:

> A   Mark said something to the effect that, "We can stop bidding now. And if we do, and we can conclude our arrangement with Tim Durham, then I will split the difference of the funds with you and forego my commission."

(Museum's Br. in Supp. Ex. A.)

The Museum argues that in making this change, "Lyons attempts to convert his testimony regarding [Mark] Hyman's statements about the arrangements with [Tim] Durham from a certainty to a mere possibility." (Museum's Br. in Supp. 4.) Thus, as the Museum sees it, the suggested change directly contradicts the substance of Lyons's original testimony, and is impermissible under Rule 30(e).

The Museum's assertion is unconvincing. Rule 30(e) permits changes "in form or substance", *see Thorn*, 207 F.3d at 389, and here the elimination of the first "then" does not cause a contradiction of Lyons's original testimony. It appears that Lyons simply corrected himself mid-sentence to add a second condition—the conclusion of an arrangement with Durham—before the "then" clause concerning the funds and Hyman's commission, and simply desires to definitively clarify his testimony in that respect. Therefore, the Museum's motion to

3

strike will be DENIED with respect to the first of the two contested changes.

As to the second proposed change, Lyons originally testified as follows:

> Q How long after Mr. Pass left your table was it when Mr. Hyman then made the statement that, "We can stop bidding now. If we do, we can split the funds, and I'll forego my commission."?
>
> A Well, I turned to Mark after Bob had made that . . . comment. And I said something to the effect, "I don't know what's going on here. This bidding makes no sense. What Robert said makes no sense. I'm very uncomfortable."
> And Mark said, "Well, you know, if we stop now, we can conclude our deal with Tim, then I'll split the difference with you and forego my commission."

(Lyons Dep. 113-14.) In the errata sheet, Lyons seeks to insert the words "and if" after the phrase "if we stop now" in the last sentence of his answer. Therefore, the last sentence of his edited answer reads as follows:

> A And Mark said, "Well, you know, if we stop now, and if we can conclude our deal with Tim, then I'll split the difference with you and forego my commission."

(Museum's Br. in Supp. Ex. A.)

The Museum reiterates its argument that Lyons's proposed change impermissibly contradicts the substance of his original testimony because it alters Hyman's statements about the arrangements with Durham "from a certainty to a mere possibility." (Museum's Br. in Supp. 4.) However, Rule 30(e) permits changes "from what he said to what he meant." *Thorn*, 207 F.3d at 389. Significantly, this very issue was revisited later in Lyons's deposition upon cross examination as follows:

> Q And again, let me just ask an open-ended - - what did Mark say about potentially splitting the proceeds or what was the comment that Mark made about that topic?

4

> A   Okay. It was to the effect that if we aren't the high bidder and we don't go through with the purchase of the Duesenberg, then perhaps we can work with Tim and split the proceeds.
>
> Q   Was it your understanding based upon what Mark said to you at that moment that he had a - - he was certain that he could close a deal with . . . . Tim to make that happen?
>
> A   No. The implication was, is that he would have to approach Tim.

(Lyons Dep. 204.) Therefore, Lyons clarified his testimony not only through the errata sheet, but *also* on the record during the deposition, lending persuasive evidence to his assertion that the change does not directly contradict his original testimony.

In sum, because Rule 30(e) permits changes "in form or substance" and Lyons's proposed changes do not directly contradict his original testimony, the Museum's motion to strike Lyons's errata sheet will be DENIED and the changes will be allowed. Of course, Rule 30(e) requires that Lyons's original transcript be retained so that the trier of fact can evaluate the honesty of the alteration. *Thorn*, 207 F.3d at 389.

### D. Conclusion

For the reasons stated herein, Defendant Auburn Automotive Heritage, Inc.'s motion to strike (Docket # 168) is DENIED.

SO ORDERED.

Enter for the 5th day of January, 2011.

<u>S/Roger B. Cosbey</u>
Roger B. Cosbey,
United States Magistrate Judge

5