**UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **DONALD D. LYONS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:09-CV-348** |
| | ) | |
| **TIMOTHY DURHAM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is an unopposed Motion for Leave to File Third Amended Complaint

(Docket # 199), together with a proposed Third Amended Complaint, filed by Plaintiffs on May

9, 2011, seeking to amend their complaint to streamline the parties, claims, and factual assertions

in accordance with an April 2011 partial settlement reached by all of the parties except Timothy

Durham and Diamond Investments, LLC. (Mot. for Leave to File Third Am. Compl. ¶¶ 4, 6; *see*

Docket # 198.)  In the partial settlement, the parties agreed to dismiss with prejudice their claims

against one another while leaving intact all claims pending against Durham and Diamond.[1] (Mot.

for Leave to File Third Am. Compl. ¶ 4.)  Accordingly, on June 2, 2011, the District Judge

granted the parties' joint motion for partial dismissal (Docket # 204), and the only claims left for

advancement are those contained in the proposed Third Amended Complaint.  Durham and

Diamond have not filed a response to the Motion for Leave to File Third Amended Complaint,

and the time to do so has since passed.

---

[1] Diamond Investments, Inc., was a party to this action but was previously dropped and is not the subject of the Third Amended Complaint.  The Clerk is to show that party TERMED.

At the February 15, 2010, scheduling conference, the Court set a deadline of June 1, 2010, for any amendments by Plaintiffs to the pleadings, and it later extended this deadline until October 12, 2010. (Docket # 66, 122.) Therefore, the time for Plaintiffs to amend their pleadings has run.

Considering the recent partial settlement dismissing various parties and claims, Plaintiffs have shown "excusable neglect" for amending their complaint after the deadline, as they appear to be acting in good faith and the delay was not within their reasonable control; moreover, Defendants have not opposed the amendment, and thus do not suggest that they will be prejudiced by it.[2] *Murphy*, 611 F.3d at 324. In addition, there is no indication that the amendment, which seeks to incorporate the substantive effect of the partial settlement agreement and to clarify and narrow the issues before the Court, should be denied under Federal Rule of Civil Procedure 15 for undue delay, bad faith, dilatory motive, prejudice, or futility, *see Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003), and leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a).

Accordingly, Plaintiffs' Motion for Leave to File Third Amended Complaint (Docket # 199) is GRANTED, and the Clerk is DIRECTED to show the Third Amended Complaint filed.

---

[2] Although Plaintiffs argue that they have "good cause" for amending their complaint, the applicable standard is "excusable neglect" since the deadline for amending the pleadings has passed. *See Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (explaining that a motion to amend complaint filed before the deadline may be granted for "good cause", but a motion made after the time to amend has expired may be granted only if "the party failed to act because of excusable neglect" (quoting Fed. R. Civ. P. 6(b)(1)(A)-(B))). In determining what constitutes "excusable neglect," a court considers "all relevant circumstances surrounding the party's omission," such as the "danger of the prejudice to the [defendants], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Jones v. Dyer Nursing & Rehab. Ctr.*, No. 2:04cv508PRC, 2006 WL 1722361, at *2 (N.D. Ind. June 21, 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Murphy*, 611 F.3d at 324.

Defendants are to file an answer to the Third Amended Complaint within fourteen days.

SO ORDERED.

Enter for June 3, 2011.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge